Robert R. Rothstein (NM State Bar No. 2287)
Michael Shiel (AZ Bar No. 006968)
**Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenu, LLP**
1215 Paseo de Peralta
P.O. Box 8180
Santa Fe, NM  87504
Telephone:  (505) 988-8004
Facsimile:  (505) 982-0307
rrr@rothsteinlaw.com
mshiel@rothsteinlaw.com

Karen L. Snell (CA State Bar No. 100266)
Attorney at Law
102 Buena Vista Terrace
San Francisco, CA  94117
Telephone:  (415) 225-7592
Facsimile:  (415) 487-0748
ksnell@clarencedyer.com

Andrew C. Schwartz (CA State Bar No. 64578)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California  94596
Telephone:  (925) 947-1147
Facsimile:    (925) 947-1133
schwartz@cmslaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| HEATHER TONARELLI,<br><br>     Plaintiff,<br><br>vs.<br><br>THE CITY OF SCOTTSDALE; Police Chief ALAN RODBELL, in his individual and official capacities; OFFICER CHONG KIM, in his individual capacity; OFFICER ROBERT INOUYE, in his individual capacity; and DOES 1 through 100,<br><br>     Defendants. | CASE NO. 09-CV-00953-PHX-FJM<br><br>**AMENDED COMPLAINT FOR DAMAGES**<br>(Violation of Civil Rights)<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. This is a civil action, brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the common law of the state of Arizona by Plaintiff HEATHER TONARELLI against Defendants CITY OF SCOTTSDALE, SCOTTSDALE POLICE CHIEF ALAN RODBELL, OFFICER CHONG KIM, OFFICER ROBERT INOUYE, and DOES 1 through 100. Plaintiff alleges that Defendants deprived her of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and state law and seeks money damages from Defendants for their unlawful conduct.

**JURISDICTION AND VENUE**

2. Jurisdiction is conferred upon the United States District Court by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. The actions giving rise to Defendants' liability, as alleged in this Complaint, occurred within the City of Scottsdale, District of Arizona. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b), and Local Rule 5.1.

**IDENTIFICATION OF PARTIES**

4. At all times material to this Complaint, Plaintiff HEATHER TONARELLI was a resident of Scottsdale, Arizona and of full age.

5. Defendant CITY OF SCOTTSDALE ("CITY") is a local government entity and a "person" under 42 U.S.C. § 1983. The Scottsdale Police Department is a division of the CITY which the CITY controls and operates.

6. At all times relevant, Defendant ALAN RODBELL was the Chief of the CITY's Police Department and the chief policymaker for the CITY responsible for hiring, training, and supervising Police Officers and making policies governing searches, seizures, detentions and the use of force by the CITY'S Police Officers. Chief RODBELL was the moving force behind the alleged unconstitutional actions of Defendants which Plaintiff alleges in this Complaint. At all times relevant, Chief

RODBELL was acting under color of law and within the course and scope of his employment. He is sued in his individual and official capacities.

7. At all times relevant, Defendant CHONG KIM was a Police Officer employed by the CITY'S Police Department who was acting under color of law and within the course and scope of his employment. He is sued in his individual capacity.

8. At all times relevant, Defendant ROBERT INOUYE was a Police Officer employed by the CITY'S Police Department who was acting under color of law and within the course and scope of his employment. He is sued in his individual capacity.

9. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 100, and therefore sues these Defendants by such fictitious names. Plaintiff will amend her Complaint when the true names and capacities of DOES 1 through 100 have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that Defendants DOES 1 through 100 are responsible in some manner for the injuries suffered and damages incurred by Plaintiff as alleged in this Complaint. Plaintiff is further informed and believes and on this basis alleges that at all times relevant, these Defendants were acting under color of law and within the course and scope of their employment with the CITY. Any reference in this Complaint to "Defendant," "Defendants," or to a specifically-named Defendant refers also to Defendants DOES 1 through 100. These Defendants are sued in their individual and official capacities.

**FACTS GIVING RISE TO THIS COMPLAINT**

10. On June 15, 2008, Plaintiff HEATHER TONARELLI, who was then 19 years old, was the lawful resident of an apartment located at 3231 North 66th Place, Scottsdale, Arizona.

11. At approximately 3:00 a.m., Plaintiff and Chris Smith, a friend of Plaintiff's, were in her apartment when they heard several loud knocks at the door. Plaintiff got up, looked through the peephole, and saw Hispanic men she did not recognize. Plaintiff did not open her door. The men left, then came back

approximately twenty minutes later and knocked again.  In fear for her safety because of the repeated efforts to gain entry to her apartment, Plaintiff called 911, at 3:18 a.m., to report the incident.

12. Defendants KIM and INOUYE were dispatched by the CITY's Police Department to respond to Plaintiff's call.  Defendants drove to the area in separate vehicles, parked their cars, and walked up to Plaintiff's apartment.  The Hispanic men who had been knocking on Plaintiff's door were no longer there.  Defendants KIM and INOUYE told Plaintiff and Mr. Smith to call the police again if the men came back.

13. Before Defendants KIM and INOUYE arrived, Mr. Smith had called his friend, Hector Bagnod, and asked him to come to Plaintiff's apartment because of the situation.  A few minutes after Defendants KIM and INOUYE departed, Plaintiff and Mr. Smith went outside the apartment to meet Mr. Bagnod.  They found Defendants KIM and INOUYE giving a ticket to Mr. Bagnod for speeding.  Defendant KIM instructed Mr. Smith and Plaintiff to sit on separate parts of a wall a few feet away from Mr. Bagnod's parked car.  Defendant KIM then interrogated Plaintiff about whether she had been drinking or had used drugs.

14. Plaintiff denied the use of drugs, but admitted that she had had a drink earlier that evening.  Defendant KIM insisted that Plaintiff was on drugs, and advised her that because no female officers would be on duty for at least two hours to conduct a search, he was going to have to take her to jail.  Plaintiff started to cry.

15. Defendant KIM urged Plaintiff to cooperate and comply.  He then demanded to be allowed to search Plaintiff's home, telling her that if nothing was found, she would be "off the hook."  Feeling threatened and intimidated by Defendant KIM, Plaintiff under duress agreed to let Defendant KIM search her home.

16. Meanwhile, Defendant INOUYE continued processing the ticket for Mr. Bagnod a short distance away, and stood by while Defendant KIM interrogated Plaintiff, threatened Plaintiff, demanded to be allowed to search her home, and led Plaintiff back to her apartment, telling Mr. Smith to remain seated on the wall.

17. After entering Plaintiff's studio apartment, Defendant KIM partially closed the front door, leaving it open about ten inches. He then instructed Plaintiff to go into the bathroom, and followed Plaintiff into the small bathroom. Defendant KIM then instructed Plaintiff to move the shower curtain aside, to open the cupboards so that he could peer inside, and to open every drawer.

18. Defendant KIM then told Plaintiff to open and shut the drawers of her dresser, which was just outside the bathroom. He then led Plaintiff into the living room/bedroom of the studio apartment and had her dump out her purse. Defendant KIM proceeded to check behind the curtains, while explaining to Plaintiff that it was not he that wanted to take Plaintiff to jail, but his boss, and that if Plaintiff would submit to a search of her person by him (as there was no female officer on duty), then she would most likely not have to go to jail. Feeling alone, terrified and coerced by Defendant KIM's actions and demeanor, Plaintiff reluctantly complied.

19. Defendant KIM positioned Plaintiff behind the open front door and stood a short distance in front of her so that he could keep an eye out for anyone approaching the apartment. He then ordered Plaintiff to take off her right shoe and then her left shoe. He then had her lift her dress high, above her chest, and directed her to pull down her strapless bra, exposing her breasts, and to flip over the cups. He then ordered her to lower her panties to her thighs, and told her to turn around twice for him, while he shined his flashlight on her body.

20. Defendant KIM then acted as if he was making a telephone call, after which he told Plaintiff that he thought that she had learned her lesson, and that she was going to be allowed to go back outside and sit on the wall near Mr. Smith. Defendant KIM's search of Plaintiff's property and person lasted for approximately twenty minutes.

21. Eventually, Defendant KIM told Plaintiff that she and Mr. Smith could go back inside, and Defendants KIM and INOUYE left the scene.

Case 2:09-cv-00953-FJM   Document 32   Filed 08/27/09   Page 6 of 12

22. Defendants had neither probable cause nor a reasonable suspicion to detain and search Plaintiff, let alone the type of probable cause and heightened justification that might justify a strip search under any set of circumstances.

23. At the time of this incident, Defendants RODBELL and CITY had information regarding at least one prior incident involving Defendant KIM which was strikingly similar.  On September 19, 2007, two females reported to the Scottsdale Police Department that Defendant KIM had forced them to expose their breasts without any reasonable suspicion or probable cause.  An internal affairs investigation was conducted regarding Defendant KIM, but the Scottsdale Police Department found that the allegation was not sustained based solely on Defendant KIM's denial and the lack of witnesses to corroborate either story.  Had Defendants RODBELL and CITY conducted a proper investigation, Defendant KIM's misconduct involving young women would have been addressed, and the incident with Plaintiff would have been avoided.

24. Defendant RODBELL is responsible for hiring, providing adequate training, supervising, investigating complaints about and disciplining Scottsdale Police Officers, including Defendants KIM and INOUYE.  Defendant RODBELL's failure to fulfill his duties in this case damaged Plaintiff.

25. Plaintiff is informed and believes that Defendant INOUYE was aware of Defendant KIM's propensity to coerce young women to expose themselves under color of law, and had a duty to intervene when Defendant KIM took Plaintiff back to her apartment alone, and remained there for approximately twenty minutes.  Defendant INOUYE provided assistance to Defendant KIM by discouraging other citizens from interfering by his tacit approval of Defendant KIM's act, and he conspired with Defendant KIM to cover up Defendant KIM's misconduct after it occurred.  In his report, Defendant INOUYE never mentions that Defendant KIM and Plaintiff left the scene while he investigated Mr. Bagnod's vehicle.  Instead, he claims that "Officer Kim stood by while I searched the vehicle."

*Tonarelli v. City of Scottsdale, et al.*  
Amended Complaint                                                                                                       Page 6

26. The CITY had a policy or custom which permitted and/or condoned violations of citizens' rights to be free from illegal searches and seizures. Specifically, the CITY had a policy or custom of providing inadequate training, failing to supervise, failing to properly investigate complaints about and failing to discipline Scottsdale Police Officers, including Defendants KIM and INOUYE, resulting in the violation of Plaintiff's constitutional rights.

27. The acts and omissions of Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and the common law of the State of Arizona. Such rights were clearly established prior to June 15, 2008. On December 11, 2008, Defendants received the notice of claim Plaintiff timely filed pursuant to the provisions of A.R.S. § 12-821.01.

## DAMAGES

28. Plaintiff was mentally and emotionally injured and damaged as a proximate result of Defendants' conduct. Plaintiff has also suffered the violation of her constitutional rights and the loss of the sense of security, dignity, and pride as a citizen and resident of the United States of America.

29. The individually named Defendants acted with malice and oppression, as described herein. These Defendants' conduct was intended to harm Plaintiff or was despicable, carried out with a conscious disregard of Plaintiff's rights and safety. Defendants' conduct also subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff therefore is entitled to recover exemplary damages from these Defendants.

30. Plaintiff has retained attorneys to pursue her rights as asserted in this Complaint. Plaintiff is entitled to an award of reasonable attorneys' fees incurred in the prosecution of this action against Defendants pursuant to 42 U.S.C. § 1988.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**(Against Defendants KIM and INOUYE and DOES 1-10)**

31. Plaintiff incorporates paragraphs 1 through 30 of this Complaint as though fully set forth in this claim for relief.

32. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the individually sued Defendants for violation of her constitutional rights under color of law.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 - Supervisory**
**(Against Defendant RODBELL and Does 11 through 100)**

33. Plaintiff incorporates paragraphs 1 through 32 of this Complaint as though fully set forth in this claim for relief.

34. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant RODBELL and Doe Defendants 11 through 100, who had supervisory authority over the Police Officers who unlawfully entered Plaintiff's home, unlawfully detained Plaintiff, and unlawfully searched Plaintiff, her residence, and her possessions. These supervisory Defendants' conduct or inaction amounted to deliberate, reckless and callous indifference to Plaintiff's constitutional rights and proximately caused the violation of those rights.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 - Monell**
**(Against CITY OF SCOTTSDALE)**

35. Plaintiff incorporates paragraphs 1 through 34 of this Complaint as though fully set forth in this claim for relief.

36. Prior to June 15, 2008, the CITY OF SCOTTSDALE developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Scottsdale, which caused the violations of Plaintiff's rights.

**FOURTH CLAIM FOR RELIEF**
**False Arrest and Imprisonment and Respondeat Superior**
**(Against Defendants KIM and CITY OF SCOTTSDALE)**

37. Plaintiff incorporates paragraphs 1 through 36 of this Complaint as though fully set forth in this claim for relief.

38. On June 15, 2008, Defendant KIM detained Plaintiff to an area within Defendant KIM's control without lawful authority and without Plaintiff's consent. Defendant KIM's act resulted in the direct restraint of Plaintiff's liberty or freedom of movement, from fear of force, and Defendant KIM's act would have caused a reasonably prudent person in the same situation as Plaintiff to believe that she was restrained. Plaintiff was harmed by the restraint.

39. Defendant KIM's act was the kind that Defendant KIM was employed to perform. The act occurred substantially within the authorized time and space limit of his employment. The act was motivated at least in part by a purpose to serve the employer. Additionally, Defendant KIM purported to act or to speak on behalf of Defendant CITY OF SCOTTSDALE and there was reliance upon apparent authority, or Defendant KIM was aided in accomplishing the tort by the existence of the agency relationship.

**FIFTH CLAIM FOR RELIEF**
**Invasion of Privacy and Respondeat Superior**
**(Against Defendants KIM and CITY OF SCOTTSDALE)**

40. Plaintiff incorporates paragraphs 1 through 39 of this Complaint as though fully set forth in this claim for relief.

41. On June 15, 2008, Defendant KIM intentionally intruded, physically or otherwise, upon Plaintiff's reasonable expectation of solitude or seclusion in her private affairs or concerns. Defendant KIM's intrusion would be highly offensive to a reasonable person and Plaintiff was harmed thereby.

**SIXTH CLAIM FOR RELIEF**
**Abuse of Process and Respondeat Superior**
**(Against Defendants KIM and CITY OF SCOTTSDALE)**

42. Plaintiff incorporates paragraphs 1 through 41 of this Complaint as though fully set forth in this claim for relief.

43. On June 15, 2008, Defendant KIM willfully used or threatened to use legal process or procedure primarily to accomplish an ulterior purpose for which the process or procedure was not designed. Defendant KIM's misuse of the legal process or procedure was a cause of injury, damage, loss or harm to Plaintiff.

**SEVENTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress and Respondeat Superior**
**(Against Defendants KIM and CITY OF SCOTTSDALE)**

44. Plaintiff incorporates paragraphs 1 through 43 of this Complaint as though fully set forth in this claim for relief.

45. On June 15, 2008, Defendant KIM either intentionally or recklessly caused Plaintiff emotional distress. Defendant KIM's conduct was extreme and outrageous. Defendant KIM's conduct caused Plaintiff to suffer severe emotional distress.

**EIGHTH CLAIM FOR RELIEF**
**Negligent Supervision and Respondeat Superior**
**(Against Defendant CHIEF RODBELL and CITY OF SCOTTSDALE)**

46. Plaintiff incorporates paragraphs 1 through 45 of this Complaint as though fully set forth in this claim for relief.

47. Defendant CHIEF RODBELL and CITY of SCOTTSDALE were negligent in supervising Defendants KIM and INOUYE and Plaintiff was injured as a result of that negligence.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

1. For general, pecuniary and special damages, according to proof;
2. For exemplary damages against all individually sued Defendants;
3. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988.
4. For prejudgment and post-judgment interest as permitted by law;
5. For costs of suit; and
6. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

Dated: August __, 2009          Respectfully submitted,

Electronically Signed
Robert R. Rothstein, NM SBN 2287
Michael Shiel, AZ SBN 006968
ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP
1215 Paseo de Peralta
P.O. Box 8180
Santa Fe, NM 87504
Telephone: (505) 988-8004
Facsimile: (505) 982-0307
rrr@rothsteinlaw.com
mshiel@rothsteinlaw.com

Karen L. Snell, CA SBN 100266
Attorney at Law
102 Buena Vista Terrace
San Francisco, CA 94117
Telephone: (415) 225-7592
Facsimile: (415) 487-0748
ksnell@clarencedyer.com

Andrew C. Schwartz, CA SBN 64578
Casper, Meadows, Schwartz & Cook
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone:  (925) 947-1147
Facsimile:  (925) 947-1133
schwartz@cmslaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of _____, 2009, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as fully reflected on the Notice of Electronic Filing:

Christopher Thomas Rapp, ctrapp@rwrplc.com
John Lloyd Belatti, jbelatti@scottsdaleaz.gov

_____
ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP